UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12991-RGS

STEVEN L. MOREHOUSE

v.

JEFFREY GRONDOLSKY,

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

September 11, 2014

STEARNS, D.J.

I agree with the Magistrate Judge Dein's Report insofar as she notes that the petition is improperly brought under 28 U.S.C. § 2241. The exclusive remedy for an illegal sentence, including allegations of the improper application of a sentencing enhancement, is under 28 U.S.C. § 2255. *See United States v. Barrett*, 178 F.3d 34, 51 (1st Cir. 1999). A petition under § 2255 may be brought only in the jurisdiction in which the sentencing took place. *Id.* at 50, n.10, *citing United States v. DiRusso*, 535 F.2d 673, 675-676 (1st Cir. 1976). Because this is a matter of jurisdictional authority and not mere form, the court does not have the power to transfer the case to the First Circuit Court of Appeals (as the Magistrate Judge recommends).[1] Consequently, the

---

[1] This is true whether or not the First Circuit is currently considering a case raising the same essential issue (the potential retroactive application of

Recommendation is <u>REJECTED</u> and the petition is <u>DISMISSED</u>. Any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is <u>DENIED</u>, the court seeing no meritorious or substantial basis supporting an appeal of this decision. The Clerk is instructed to close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

the Supreme Court's holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), as absent jurisdiction, the court has no power to fashion equitable relief.